The State *v.* Arlin.

# THE STATE *v.* ARLIN.

Upon an indictment for stealing goods of a greater value than ten dollars, a conviction may be had for stealing goods of a less value, and execution awarded accordingly.

Upon a prosecution for stealing goods of a greater value than ten dollars, the proceedings of the magistrate in binding over the accused, and the bill found by the grand jury for the same offence, are conclusive as to the value of the goods, so far as to give the court of common pleas jurisdiction of the cause; and that jurisdiction will not be defeated by the verdict finding the goods stolen to be of less value that ten dollars, although the statute give exclusive cognizance of offences of that class to inferior magistrates.

INDICTMENT. On the 5th day of September, 1853, a complaint was made to a justice of the peace in the city of Concord, that Esther Arlin, on the 28th day of August, 1853, feloniously did steal, &c., one gold locket, of the value of ten dollars, and one gold pencil case, of the value of three dollars, of the goods and chattels of Eliza A. Green. Upon this complaint said Arlin was arrested and brought before a police justice, by whom she was bound over to this court. An indictment was found against her, stating the value as alleged in the complaint. At the trial said Green testified that she gave $4,00 for the locket, $2,50 or $3,00 for the pencil, and there was no other evidence of the value. The prisoner's counsel then objected that no further proceeding should be had in this court. The jury, under the direction of the court, returned a verdict of guilty, and found the value of

The State *v.* Arlin.

the property to be less than $10. Upon this finding the solicitor moved for sentence.

*George*, (Solicitor,) and *Foster*, for the State.

By the Revised Statutes ch. 222 § 1, every justice of the peace is authorized to hear and determine prosecutions of a criminal nature, arising within his county, where the punishment is by fine not exceeding ten dollars, and to issue a warrant to carry his judgment into effect, in case no appeal is taken.

In ch. 172 § 4, it is provided that the court of common pleas shall have original jurisdiction in all criminal cases whatever, except such as are within the jurisdiction of justices of the peace.

In ch. 215 § 13, larceny of property of the value of twenty dollars, is made punishable by confinement to hard labor for a term of not less than two nor more than five years. By § 14, larceny of property of a less value than twenty dollars is made punishable by imprisonment in the common jail not exceeding one year, and by fine not exceeding one hundred dollars, and also by payment of treble the value of the property stolen, deducting the value of whatever may be returned.

It is evident that, under the authority of the foregoing statutes, justices of the peace have no jurisdiction to sentence in cases of larceny; since the penalty, prescribed in each of the above provisions, exceeds a fine of ten dollars, to impose which is the extent of the justice's jurisdiction. The court of common pleas, therefore, had jurisdiction originally and exclusively over every case of larceny, and justices had none. The only offences defined in the Revised Statutes upon which the penalties are such that justices of the peace may, by virtue of the first above named provision, take cognizance of them, are mostly in relation to police offences, disturbances of religious meetings, gaming, profane swearing, &c.

But in 1845, by chapter 150 of the Pamphlet Laws, an enactment was passed, for which in 1847 an act was substituted, which, with the exception of the insertion of the words " or less," after " ten dollars," is precisely the same with the act of 1845.

This is in chapter 502, Pamphlet Laws, and is entitled "An act in amendment of chapter 215 of the Revised Statutes." It enacts that if any person shall steal property (of the kind described in the above sections, 13 and 14 of chapter 215 Rev. Stat.) of the value of ten dollars or less, he shall be punished by imprisonment in jail not exceeding ninety days, or by fine not exceeding ten dollars, and shall pay treble value, &c. It further provides that justices of the peace may hear and determine prosecutions arising under this act, and issue their warrants to carry their judgment into effect, in case no appeal is taken. It also repeals the act of 1845.

This act is expressed to be in amendment of the chapter of the Revised Statutes above cited. It cannot be considered as a substitute for section 14, for that, as will appear evident, would leave larceny of property of a value between twenty dollars and ten dollars unpunished. There seems to be some difficulty in putting the statute and the amendment together, as will be apparent upon a slight examination of them, but it may be that they would be construed in this manner;—

Section 13 will, of course, stand as at present, in relation to larceny of property valued at twenty dollars or more.

Section 14 will be so construed, with the act in amendment, that it shall include two offences; one, the larceny of property of a less value than twenty dollars down to ten dollars, and which shall be punished by the penalty prescribed in said section, to wit, imprisonment not exceeding one year, and fine not exceeding one hundred dollars; and a further offence of larceny of property of the value of ten dollars or less, which shall be punished according to the

penalty in the new act, to wit, jail imprisonment not exceeding ninety days, or by fine not exceeding ten dollars, and to pay treble value, &c.

If this amendment had been made, without the insertion of section 2 in said act in amendment, the court of common pleas, which before had jurisdiction of larcenies of any amount under twenty dollars, at a certain penalty, would have jurisdiction over the one offence of stealing twenty dollars or less, down to ten dollars, and also over the offence of stealing ten dollars or less, at a different penalty. But said act gives justices of the peace jurisdiction over offences of this last nature; and the question arises whether the giving such power takes away the previous right of the common pleas, by implication, to hold its jurisdiction over all cases of larceny, which it had by virtue of chapter 172, section 4. This question may depend upon the construction of the words of the statute, chapter 172, section 4, giving courts of common pleas their jurisdiction; of which construction two views may be taken:

From the words "except such as are within the jurisdiction of justices of the peace," the statute may be construed to mean that *now*, at the time of the enactment, the common pleas shall commence and take a certain specific jurisdiction over criminal cases, which are, at any time when the question arises, to be determined by a reference to those cases in which the justices of the peace at that time, to wit, the time of the enactment of the Revised Statutes, had jurisdiction, and not to those cases of which the justices, at the time when the question arises, have jurisdiction;—

Or the words of the statute may be construed to have a prospective meaning, that in effect the statute is equivalent to saying the court of common pleas shall have jurisdiction, in all cases, &c., "except such as may at any time be within the jurisdiction of justices of the peace."

If the former construction be adopted, it may be contended that jurisdiction of all cases of larceny having by

that statute been given to the common pleas, it shall not be taken from it except by express statute or necessary implication from some statute, and that it is not at all a necessary implication from the fact that the legislature has given justices jurisdiction over larcenies under ten dollars, that it intended to take away the present jurisdiction of the common pleas over such cases. Not having been expressly taken from the court, it shall exercise concurrent jurisdiction with justices over these larcenies.

The case of *Cambridge* v. *Chandler*, 6 N. H. Rep. 271, seems directly to sustain the construction of the statute first above given. If in that case the words giving sheriffs power to sell land in unincorporated or uninhabited places, to wit, the words, " shall have the same power and authority respecting the taxes committed to him to collect, which collectors of towns have with respect to the taxes of non-residents, and shall observe the same directions which are by law pointed out," are to be construed so that the provisions of the statute of 1791 " are as much reënacted as if actually inserted in the third section of the statute of 1794," and no subsequent alterations in the way in which collectors of towns are to proceed, are to effect the mode of procedure which the sheriffs are to pursue, then without overruling the case of *Cambridge* v. *Chandler* and *Sayles* v. *Batchelder*, or refusing to adopt the manner of construction, a decision can hardly be avoided that chapter 172 section 4 gives the court of common pleas a certain specific jurisdiction over all cases of larceny over twenty dollars, and all cases under twenty dollars, and that when a subsequent statute creates a different penalty for larcenies under ten dollars, it does not take away the right of the common pleas to assert jurisdiction over such larcenies, unless by express enactment. The legislature can give concurrent jurisdiction if it chooses. It may have done this and no more.

But if the latter view of the construction of the statute be taken, it would be fatal to the right of the court of com-

The State *v.* Arlin.

mon pleas to take original jurisdiction of the present case, unless the finding of the magistrate, and subsequently of the grand jury, that the property was of greater value than ten dollars, was conclusive so far as concerns jurisdiction. The indictment alleged the property to be of more than ten dollars in value; and the only reason why the jury should find the value, would seem to be, not to settle any question of jurisdiction, but that, if under twenty dollars, execution might issue against the respondent for three times the amount stolen.    Com. Stat. 549 § 15.

In cases of assault and battery, it is held that there must be a preliminary examination before a magistrate, in order to give the court of common pleas jurisdiction; and we suppose the magistrate having bound over the respondent, on the trial of the indictment, the court of common pleas cannot go into the question whether the respondent should not have been fined by the magistrate.    If the law be that the finding of the jury shall settle the question of jurisdiction, then the respondent would often escape between the two jurisdictions.    The magistrate finds the value of the property stolen a little more than ten dollars, and he is compelled to bind him over to the court of common pleas.    The jury find the property of a little less value than ten dollars. and the court of common pleas have no jurisdiction and the prisoner escapes.    A witness before the magistrate might show the value of the property stolen to be more than ten dollars.    In the absence of the same witness, although the larceny was fully proved, the jury might find the value less than ten dollars; and the punishment or acquittal of the respondent would then depend not upon proof of the commission of the crime, but upon the determination to which the jury might come as to the value of the goods stolen.

The constitution and laws of this State recognize the " sum demanded " as determining the jurisdiction of justices of the peace in civil cases, and it would seem that a judicial determination of value by justices, and the subsequent find-

The State *v.* Arlin.

ing of the value by the grand jury, should at least settle the question of jurisdiction in criminal cases.

*Fowler,* for the defendant.

The question in this case is simply whether the court of common pleas has concurrent jurisdiction with justices of the peace, in cases of larceny, where the value of the property stolen is less than ten dollars.

We think it clear that it has not.

I. Section 4 of chapter 172 of the Revised Statutes gives the court of common pleas " original jurisdiction of all criminal cases whatever, except such as are within the jurisdiction of justices of the peace."

By section 1 of chapter 222 of the Revised Statutes, the final jurisdiction of justices of the peace in criminal cases was restricted to those where the punishment is by fine not exceeding ten dollars.

Under these statutes, as they existed from 1842 to 1845, every offender who committed an act punishable by more than a fine of ten dollars, was subjected to the expenses of a prosecution and trial before the court of common pleas, however trivial the offence might be ; or rather, practically, the counties were subjected to these expenses.

In 1845, by chapter 150 of the Pamphlet Laws, the legislature undertook to remedy this evil, and to relieve offenders and the counties, of those expenses, by extending the jurisdiction of justices of the peace to all cases of the larceny of property to the value of ten dollars. By accident, the provisions of the law were limited to cases where the value of the property was precisely ten dollars, and this court held that it did not apply to cases where the value of the property was less than ten dollars.

This was remedied by the legislature of 1847, by the passage of chapter 502 of the Pamphlet Laws, sections 26 and 27 of chapter 229 of the Compiled Statutes, which extended the final jurisdiction of justices of the peace to all cases of

larceny where the value of the property stolen was ten dollars, or less.

Now we contend that the passage of this last act ousted the court of common pleas of the jurisdiction they had before possessed of all cases of larceny of property less than ten dollars in value, for it seems to us that the fair construction of the section of the Revised Statutes giving the common pleas jurisdiction " in all criminal matters whatever, except such as are within the jurisdiction of justices of the peace," is in all cases whatever, except such as are or may be from time to time within the jurisdiction of justices of the peace.

II.   The statute of 1847 repealed so much of the provisions of all former laws relating to larceny of property less than ten dollars in value as were inconsistent with its provisions, upon general principles.   Any other construction would entirely defeat the purposes of the act, which were to relieve offenders and the counties of the expenses attendant on the prosecution of trivial offences in the common pleas.

In construing statutes, penal as well as others, an interpretation must never be adopted that will defeat its own purpose, if it will admit of any other reasonable construction.   *The Emily* v. *The Caroline*, 9 Wheaton 381.

In construing any statute, the court must consider its policy, and give it such an interpretation as will best secure the design of the legislature.   *Gove* v. *Brazier*, 3 Mass. Rep. 523 ; 3 U. S. Dig. Tit. Statutes, §§ 62, 63, 64, 65, and the authorities there cited.

It is always to be presumed that the legislature intended the most reasonable and beneficial construction of their acts when the design is not apparent.   *Richards* v. *Daggett*, 4 Mass. Rep. 534, 537 ; *Somerset* v. *Dighton*, 12 Mass. Rep. 383, 385.

If there could be any doubt here what the design of the legislature was, it is clear that the most reasonable and beneficial construction of their intention must be to rid the

community of the onerous expenses of prosecutions in the common pleas for petty larcenies.

The statute of 1847 imposes a different penalty for petty larceny from that imposed by the Revised Statutes, and therefore repeals those provisions of those statutes by whose existence alone the common pleas had jurisdiction of such cases. *Nichols* v. *Squire,* 5 Pick. 168; 3 U. S. Dig. Tit. Statutes § 152, and authorities.

III. To hold, as was contended for by the counsel for the government, *that the court of common pleas and justices of the peace* have concurrent jurisdiction in cases of petty larceny, would defeat the purposes of the act of 1847. The design of the legislature being to limit costs, to give the accused a more speedy and less expensive trial, and relieve the people from the burden of the expenses of these trials, it would be, as it seems to us, absurd to believe that they intended to give prosecutors their election whether to subject the accused and the counties to those expenses or not.

In *Cotes, qui tam,* v. *Knight,* and *Same* v. *Mellish,* 3 Durnford and East. 442, where a similar question arose upon the construction of chapter 51 of the 25th Geo. III., which created penalties of £50 and £10, and enacted that the former should be sued for in any of the courts of Westminster, but provided that it should be lawful for justices of the peace to hear and determine the latter, Lord *Kenyon* remarked, " It is clear the legislature inserted this clause for the benefit of the prosecuted, and they enacted that when a party should incur one of the smaller penalties of the act he should be sued before a magistrate, in order to prevent his being saddled with the unmerciful costs of a merciless prosecutor." And Lord *Ashhurst* said, " Nothing can be clearer than the intention of the legislature in this instance; the greater penalties must be sued for in the superior courts, but the smaller penalties may be inquired into by a justice of the peace, and it would have been absurd to have said that justices should have concurrent jurisdiction with this court."

This doctrine, and indeed the very language of the court we have quoted, seems applicable to the present case.

Again, the statute of 1847 creates a new class of offences, in effect, by providing a different penalty for the same offences, to that which had before existed. Will it be contended, that if a statute should make some act not before criminal, punishable, on conviction before a justice of the peace, by a trifling fine, that thereby the court of common pleas would have concurrent jurisdiction with the justice? And yet that is this case, if we are correct in our views of the construction of this act. Petty larceny is now, by law, no offence only by virtue of the act of 1847, and that act requires it to be punished only by judgment of a justice.

In *Commonwealth* v. *White*, 8 Pick. 453, the court held that the offence, being to be prosecuted before a justice of the peace, the court of common pleas had no jurisdiction, their statute as to jurisdiction being identical with ours.

In *Sumner* v. *Fanegan*, 15 Mass. Rep. 268, the court held that the Massachusetts statutes of 1783, 1797, and 1807, extending, step by step, the jurisdiction of justices of the peace from forty shillings to twenty dollars, ousted the court of common pleas, at those dates respectively, of their jurisdiction in all cases where the damages demanded were below the sums fixed by the several statutes as the limit of the justice's jurisdiction. See also 1 U. S. Dig. Tit. Courts §§ 563, 624, 620, 618, 653, and authorities.

IV. This question of jurisdiction was well raised under the plea of not guilty. 1 Chitty's Crim. Law 438; 1 East. 352; 6 East. 583. Indeed, it could only be raised after the evidence of the value of the property alleged to be taken had been offered by the State.

V. The position that the order of the magistrate binding the respondent over to the common pleas, or the finding of the indictment by the grand jury, are conclusive upon this question, seems to us extremely absurd. For it supposes that the ignorance or thoughtlessness of a magistrate,

at all events, his error, is in one case, to conclude the rights
of a party, and in the other, that the formal assent of a body
of men, no part of whose duty is to settle such questions,
to the draft of an indictment by the State's counsel, is to
deprive a prisoner of his statute privileges, and subject the
community to grievous burdens, contrary to the express in-
tentions of the legislature, and the plain interpretation of
the laws of the land.

WOODS, J.   The prosecution in this case was instituted
before the police justice, under the 14th section of chapter
215 of the Revised Statutes, (ch. 229 § 15 Comp. Stat.)
The offence described in the complaint is stealing property
of a description mentioned or referred to in the statute, of
the value of more than ten dollars.   The police justice, in
pursuance of the powers conferred by ch. 222 § 3 Rev. Stat.
(ch. 237 § 3 Comp. Stat.) caused the party accused to be
bound over for trial at the court of common pleas, at the
term next ensuing.   An indictment was then and there
found, and the party was in due course put upon her trial,
and found guilty of stealing the chattels described, but the
jury that tried the issue also found that they were of the
value of a less sum than ten dollars.

Now it is a well established principle of law that upon
the trial of an indictment for larceny, the jury may, upon
evidence, lawfully find the value of the things stolen to be
less than the sum charged in the indictment, although the
character of the offence and the kind and degree of punish-
ment, depending upon that value, be wholly changed by
such finding; and the court may thereupon enter up judg-
ment of conviction of the offence found by the verdict, and
proceed to sentence accordingly.   1 Hawk. P. C. 231,
400, 460.   The court of common pleas may therefore
well proceed in the present case, and render judgment
on the verdict, unless there be something in the objections
urged by the defendant to their jurisdiction of the cause,

which should restrain them, and give the matter a different direction.

The Revised Statutes, ch. 172 § 4, gives the court of common pleas general jurisdiction of all offences cognizable by the courts of the State, with certain exceptions, and among the excepted cases are those of which justices of the peace have jurisdiction. By the statute of 1847, ch. 502, [Comp. Stat. ch. 229 §§ 26 and 27,] the penalties applicable to a certain class of larcenies therein described, are limited, where the property stolen is of less value than ten dollars; and, in the words of the statute, " Every justice of the peace is authorized to hear and determine prosecutions arising in his county, under this act, and to issue a warrant to carry his judgment into effect."

Upon a strict reading of the statute of 1847, the present prosecution, not arising under it, but under the Revised Statutes, ch. 215 § 14, is not within its provisions, nor within the jurisdiction of the justice of the peace or of the police justice, whose powers in this particular are the same. He, of course, could have taken no other course than to bind the party over to the court of common pleas, whose jurisdiction and powers in regard to prosecutions not described in the statute of 1847, are unaffected by it.

If, however, we assume that the statute of 1847 is in amendment of the chapter of the Revised Statutes which has been referred to, and being taken in connection with it, requires to be construed as intending to separate from the mass of offences falling within the general jurisdiction of the court of common pleas, and to assign to that of the inferior magistrate, the class of petty offences described in the later statute, a different question arises.

With regard to most chattels liable to become the subjects of larceny, it may not be a difficult thing to determine whether their value be over or under that of ten dollars. But with respect to very many, the difficulty may be

great, and the judgments of different tribunals may well dis-
agree in endeavoring to fix their value.

If the inquiry as to the value of the stolen property be-
comes necessary or proper for the purpose of ascertaining
the nature of the offence, and the kind and degree of pun-
ishment to be awarded, it is plain that such inquiry must be
made and conducted by the tribunal legally charged with
the trial of the issue of guilty or not guilty, which is, in all
cases in which the accused fitly demands it, a jury of the
country. Rev. Stat. ch. 222 § 2. But a question of juris-
diction is by no means of that high and vital character, that
the fact, which ascertains and fixes it, may not well be in-
quired into and settled by other means, if such means are
either expressly indicated by the statutes, or may be fairly
inferred from their general purposes and aim.

Such a question is the one which is presented in this case.
It is a mere question, not whether the facts described and
proved, constituted an offence within the statute, for which
the accused was justly amenable to the penalties clearly
pointed out by the statute, but whether the court of com-
mon pleas had jurisdiction of the case at the time the ver-
dict was rendered, so as to proceed to sentence, and the ren-
dition of that verdict did not oust the jurisdiction of the
court, by showing the offence to be one of which it could
not take cognizance.

Proceeding upon the assumption that it was the intention
of the statutes to give exclusive jurisdiction of all com-
plaints and prosecutions for larceny to the justices of the
peace, whenever the thing stolen was of the value of ten
dollars and under, it was the duty of the magistrate in this
case to inquire, and therefore we are bound to presume that
he did inquire, when the accused was before him, as to the
value of the chattels stolen. If they were above the value
·of ten dollars, it was his clear duty to bind over the respond-
·ent for a trial in the court of common pleas. If they were
of a less value, it was equally clear that the offence was

within his own jurisdiction, and it was his duty to try it. Upon this inquiry, to which the respondent was a party, he found that the chattels were above the value of ten dollars, and that the offence was not within his jurisdiction.

Now this proceeding was a judicial one. The judgment of the magistrate was upon a matter coming directly before him, and devolved upon him by the clear and express requirements of the law. The law makes no provision for revising that judgment, and upon its being found erroneous, for remanding the cause, which by force of the adjudication has gone to another court. The court of common pleas will not entertain a preliminary inquiry as to the correctness of the magistrate's judicial conclusions for the purpose of settling again the question of jurisdiction. In short, the inquest of the magistrate in regard to the value of the property, is one which the law requires him to make for the express purpose of settling this question of jurisdiction; the judgment by which the jurisdiction is fixed, is one which the law directs him to make for the express purpose of settling the jurisdiction; the defendant was a party to it, and is estopped by it, and cannot now, or at any other time, call it in question.

Independently of these proceedings of the magistrate, the finding of the bill by the grand jury would seem to have the effect of determining the jurisdiction of the court.

The statutes must be construed with reference to the state of the law at the time of their passage; and unless they contain something, clearly indicating an intention of the legislature to change the law, or unless a change in the law be necessary in order to give effect to the clear and obvious provisions of the statute, such change shall not be wrought. 1 Kent Com. 464; Dwarrison Stat. 695.

Now, as the law stood at the time of the enactment of the statute of 1847, the jury, upon the trial of an indictment for stealing chattels of any alleged value, might find the respondent guilty of stealing the chattels, and at the same time

find their value to be less than that charged in the indictment, and the court might thereupon proceed to render judgment of conviction of the lesser offence, and award sentence accordingly.

We look in vain for any evidence, in the words of the statute or in its aim and policy, that the legislature intended to change that highly salutary principle of law. It may well remain in perfect consistency with the provisions of the statute. The judgment of the magistrate, or the presentment of the grand jury, brings the case before the common pleas, and gives them jurisdiction. It thereupon becomes the duty of that court, to proceed and try it according to the principles and forms of law, and to render a judgment upon any legal verdict which may be returned. It is entirely unnecessary to suppose that the legislature intended that the jurisdiction having once attached by force of the preliminary proceedings, involving an adjudication upon the value of the thing stolen, made for the express purpose of ascertaining the jurisdiction, should be defeated by the subsequent proceedings, and by a verdict of guilty of the offence charged, and we cannot suppose an intention so directly subversive of the plain objects of the law and the ends of justice.

In the present case, the adjudication of the magistrate, and the indictment found by the grand jury, concur in bringing the offence within the jurisdiction of the court of common pleas. That court have no choice but to try the case and render judgment, as by the rules of law they may well do. The statute of 1847, neither directly nor by necessary implication, changed the law as to the trial of offences like the one described in the indictment, nor did it intend to introduce into legal proceedings such an anomaly as that for which the defendant contends.

*Judgment on the verdict.*